# EXHIBIT "A"

Aug. 20. 2013  8:08AM                                              No. 5880    P. 2

**MURPHY McKEON P.C.**
51 Route 23 South
P. O. Box 70
Riverdale, New Jersey 07457
(973) 835-0100
Attorneys for Plaintiff, Greg Bock

RECEIVED
AUG 2 0 2013
ALL BY DRUG LEGAL

GREG BOCK,

Plaintiff(s).

v.

ACE AMERICAN INSURANCE COMPANY,

Defendant(s).

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION: SOMERSET COUNTY
: DOCKET NO. SOM-L-1096-13
:
:          Civil Action
:
:          SUMMONS
:
:
:

THE STATE OF NEW JERSEY TO:    ACE AMERICAN INSURANCE COMPANY

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The **Complaint** attached to this summons states the basis for this lawsuit. If you dispute this **Complaint** you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptvclerklawref.pdf.

                                                  s/Jennifer M. Perez
                                            JENNIFER M. PEREZ, CLERK OF THE
                                            SUPERIOR COURT OF NEW JERSEY

DATED: August 20, 2013

**Name of Defendant to Be Served: Ace American Insurance Company**
**Address of Defendant to Be Served: 436 Walnut Street, Philadelphia, Pennsylvania**

SO Aug. 20. 2013  8:08AM R COURT                                    No. 5880  P. 3
40 NORTH BRIDGE STREET
1ST FLR PO BOX 3000
SOMERVILLE      NJ 08876-1262
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 231-7054
COURT HOURS

                    DATE:   AUGUST 15, 2013
                    RE:     BOCK VS ACE AMERICAN
                    DOCKET: SOM L -001096 13

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

    DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON THOMAS C. MILLER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (908) 203-6034.

    ·IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                            ATT: JAMES T. BRUCE
                            MURPHY MCKEON PC
                            51 ROUTE 23 SOUTH
                            PO BOX 70
                            RIVERDALE      NJ 07457

JUTSIN0

**Appendix XII-B1**

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE:  ☐ CK  ☐ CG  ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| JAMES T. BRYCE, ESQ. | (973) 835-0100 | Somerset |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| MURPHY McKEON P.C. | SOM-L- *1096-13* |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 51 ROUTE 23 SOUTH, P.O. BOX 70 RIVERDALE, NEW JERSEY 07457 | COMPLAINT |
| | JURY DEMAND  ■ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| GREG BOCK, PLAINTIFF | GREG BOCK v. ACE AMERICAN INSURANCE COMPANY |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|
| 505 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES  ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ■ NONE  ☐ UNKNOWN |
|---|---|

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ■ YES  ☐ No | IF YES, IS THAT RELATIONSHIP? ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ■ YES  ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**MURPHY McKEON P.C.**
51 Route 23 South
P. O. Box 70
Riverdale, New Jersey 07457
(973) 835-0100
Attorneys for Plaintiff, Greg Bock

---

| | |
|---|---|
| GREG BOCK, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: SOMERSET COUNTY<br>: DOCKET NO. SOM-L-*1096-13*<br>Plaintiff(s),<br>: |
| | :      Civil Action |
| v. | : |
| | : **COMPLAINT AND JURY DEMAND** |
| ACE AMERICAN INSURANCE COMPANY, | : |
| Defendant(s). | : |

---

Plaintiff, by way of complaint against Defendant, alleges and says:

**COUNT ONE**

1.    Plaintiff, Greg Bock [hereinafter referred to as "Plaintiff"], is a resident of the State of New Jersey having a principal address of 40 Stella Drive, Bridgewater, New Jersey.

2.    Defendant, Ace American Insurance Company [hereinafter referred to as "Defendant"], is now, and at all times relevant has been, a Corporation authorized to engage in the business of writing marine casualty and liability insurance with its principal address of 436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania.

3.    On or before July 24, 2012, Defendant issued an insurance policy [hereinafter referred to as "Policy"] to Plaintiff, bearing policy number YKR Y0851270A, insuring against loss and liability of Plaintiff's 1996 30 foot Chris Craft marine vessel having an identification number of CCBFW327J596. The Policy specifically insured said vessel against property damage and loss. The Policy period extended from July 24, 2012, to July 24, 2013.

1

4.      All premiums and charges demanded for obtaining the aforementioned Policy of insurance have been tendered and all obligations have been fulfilled by Plaintiff as required under the Policy.

5.      By issuing the Policy, Defendant contracted to indemnify its insured against casualty and loss of the vessel.

6.      On or about August 14, 2012, the insured vessel suffered a casualty resulting in uncontrolled flooding and complete loss of the insured property.

7.      As a result of the loss, Plaintiff timely notified Defendant and placed a claim for coverage as provided for under the Policy.

8.      On or about August 15, 2012, Defendant commissioned a damage survey that concluded a failure of the bilge pump and "Y" pipe resulted in water entering into the engine space resulting in the flooding of the vessel and determined that the vessel was a constructive total loss as a result.

9.      On or about September 22, 2012, Defendant transmitted to Plaintiff a determination that coverage would not be extended as to the property damage claim relating to the insured vessel stating that coverage was excluded because the loss was resulting from "wear and tear, gradual deterioration, weathering, neglect, lack of reasonable care or due diligence in the maintenance of the insurance vessel."

10.     In accordance with the Defendant's internal appeals procedure, on or about June 3, 2013, Plaintiff solicited an internal appeal of Defendant's determination. Such internal appeal procedure requires a disposition of appeals within 10 business days of receipt. To date, no internal appeal determination has been made by Defendant.

2

11.    To date, Defendant has failed to satisfy the damages suffered by Plaintiff despite due demand for same.

12.    Defendant's failure to satisfy the demand made by Plaintiff as its insured, is a breach of the express terms of the contract for insurance for which all premiums were paid, and is further a breach of the covenant of good faith and fair dealing.

13.    As a result of such breach, Plaintiff has been and continues to be directly and proximately harmed by Defendant's breach and actions.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    For compensatory and consequential damages in the amount of $25,000.00;

B.    For pre and post judgment interest;

C.    For attorney's fees pursuant to R. 4:42-9(6);

D.    For other costs of suit and all other relief that the Court may deem to be equitable and just.

## COUNT TWO

14.    Plaintiff repeats each and every allegation contained in Paragraphs 1 through 13 as though set forth at length herein.

15.    In obtaining the Policy from the Defendant, Plaintiff relied upon the representations of the Defendant and its agents that the Policy was comprehensive so as to insure against the losses and damages associated with the vessel.

16.    Defendant's failure to indemnify Plaintiff is an unconscionable commercial practice.

17.    Defendant's and its agent's actions in the sale of its insurance product to Plaintiff and failure to indemnify were deceptive and are otherwise in violation of N.J.S.A. 56:8-1 et seq. and said actions have directly and proximately harmed Plaintiff.

3

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    For treble damages in the amount of $75,000.00;

B.    For pre and post judgment interest;

C.    For attorney's fees pursuant to N.J.S.A. 56:8-1 et seq.;

D.    For other costs of suit and all other relief that the Court may deem to be equitable and just.

## COUNT THREE

18.    Plaintiff repeats each and every allegation contained in Paragraphs 1 through 17 as though set forth at length herein.

19.    Defendant has denied coverage claiming that coverage for the event alleged by Plaintiff is an excluded event.

20.    Plaintiff disputes this exclusion and asserts that Defendant is obligated to indemnify Plaintiff and failure to do so is a breach of the contract for indemnification as provided for by the policy.

WHEREFORE, Plaintiff demands judgment pursuant to N.J.S.A. 2A:16-50 et seq. against Defendant as follows:

A. Declaring and adjudging the rights and obligations of the Defendant arising from the contract of insurance;

B. Declaring and adjudging that Defendant has defaulted in it obligation to Plaintiff;

C. Issuing an order compelling Defendant to indemnify Plaintiff against Plaintiff's claims;

D. Attorneys fees, costs of suit, and all relief that the Court may deem equitable and just.

4

## COUNT FOUR

21.     Plaintiff repeats each and every allegation contained in Paragraphs 1 through 20 as though set forth at length herein

22.     The policy and contract for insurance, including its exclusions, issued by Defendant, and the basis for coverage denial stated by Defendant are ambiguous, uncertain and unclear.

23.     Said ambiguity, uncertainty, and lack of clarity has caused Plaintiff to be substantially confused as to the rights and liabilities of the parties as contemplated under the insurance contract and same is a violation of N.J.S.A. 56:12-1 et seq.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.  For compensatory and consequential damages;

B.  For punitive damages;

C.  For attorneys fees, costs of suit, and all relief that the Court may deem equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates James T. Bryce, Esq., as trial counsel.

MURPHY McKEON P.C.

By: _____
    JAMES T. BRYCE
    Attorneys for Plaintiff

Dated: August 13, 2013

5

## R. 4:5-1 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any presently contemplated.  I further certify that I am presently unaware of any other persons or parties who should be joined in this action other than those named in this pleading.

MURPHY McKEON P.C.

By: _____
JAMES K. BRYCE
Attorneys for Plaintiff

Dated: August 23, 2013

6

Incoming Legal Mail
Personally served on AIC
@ 2:25 p.m. on 08/31/13
Company Served.
AAIC